JOSEPH P. RUSSONEILLO, CSBN 44332
United States Attorney
JOANN M. SWANSON, CSBN 88143
Chief, Civil Division
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-6915
FAX: (415) 436-6927

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RONALD LEE ROSS, | ) No. C 08-4423-SBA |
| Plaintiff, | ) |
| v. | ) |
| JOHN E. POTTER, Postmaster General United States Postal Service, | ) **ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT** |
| Defendant. | ) |

## INTRODUCTION

This matter came before the Court on the Postmaster General's motion to dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) or, in the alternative, to transfer the matter to the United States Court of Appeals for the Federal Circuit pursuant to 28 U.S.C. § 1631. For the reasons set forth in this Order, this Court concludes that it lacks jurisdiction over the plaintiff's action and transfers the matter to the United States Court of Appeals for the Federal Circuit pursuant to 28 U.S.C. § 1631.

## FACTUAL AND PROCEDURAL HISTORY

The plaintiff, Ronald Lee Ross, filed this action on September 22, 2008, seeking review of a decision of the Merit Systems Protection Board (MSPB). Ross is employed by the United States Postal Service at the post office in Eureka, California. He filed an appeal with the MSPB

1  challenging his non-selection for an Area Maintenance Technician position with the Postal Service
2  in Eureka, California, and asserting that his non-selection was in retaliation for filing grievances
3  and an Equal Employment Opportunity complaint.[1]  An Administrative Judge for the MSPB
4  dismissed Ross' appeal for lack of jurisdiction on the grounds that a non-selection for a position is
5  not an appealable adverse employment action and that, in the absence of jurisdiction to review an
6  adverse employment action, the MSPB lacked jurisdiction over Ross' retaliation claim.
7      Ross filed a petition for review with the MSPB seeking reconsideration of the Administrative
8  Judge's decision, but the MSPB denied the petition for review on September 4, 2008.  In its
9  decision, the MSPB informed Ross that he had the right to ask the United States Court of Appeals
10 for the Federal Circuit to review its decision.  The MSPB stated in relevant part:

> You have the right to request the United States Court of Appeals for the Federal
> Circuit to review this final decision.  You must submit your request to the court at
> the following address:
>
>     United States Court of Appeals
>     for the Federal Circuit
>     717 Madison Place, N.W.
>     Washington, DC 20439
>
> The court must receive your request for review no later than 60 calendar days after
> your receipt of this order.

17 Ross did not seek review with the United States Court of Appeals for the Federal Circuit, but
18 instead filed the above-captioned in this Court on September 22, 2008, challenging his non-
19 selection for the Area Maintenance Technician position and asserting that his non-selection was in
20 retaliation for filing grievances and an Equal Employment Opportunity complaint.  Complaint at 1-
21 2.

**DISCUSSION**

**A. Standard of Review**

A court's subject matter jurisdiction may be challenged under Federal Rule of Civil Procedure

---

[1] In addition to its jurisdiction to review adverse employment actions, the MSPB also has pendent jurisdiction to review discrimination claims raised in conjunction with an adverse employment action claim.  *See Sloan v. West*, 140 F.3d 1255, 1259 (9th Cir. 1998).  A claim that alleges the employee suffered an adverse employment action that was affected in whole or in part by unlawful discrimination is referred to as a "mixed case complaint."  *Id.*

PROPOSED ORDER TRANSFERRING CASE TO FEDERAL CIRCUIT
C 08-4423-SBA                                        2

12(b)(1). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). On a Rule 12(b)(1) motion to dismiss for lack of jurisdiction, the Court is not confined to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction. *See Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).

**B. This Court Lacks Jurisdiction Over The Complaint**

A determination by the MSPB that it lacks jurisdiction to hear a claim is appealable only to the United States Court of Appeals for the Federal Circuit. *Sloan v. West*, 140 F.3d 1255, 1261 (9th Cir. 1998). This is true even where the plaintiff's appeal to the MSPB alleged that he or she suffered an adverse employment action that was affected, in whole or in part, by unlawful discrimination. *See id.* at 1262 ("Given the plain language of the statute, we join our sister circuits and hold that appeals of MSPB jurisdictional decisions involving mixed claims are properly venued in the Federal Circuit Court of Appeals."); *Burrell v. USPS*, 164 F. Supp. 2d 805, 810 (E.D. La. 2001) (stating that when the MSPB dismisses a mixed case, not on the merits, but rather due to lack of jurisdiction, the plaintiff must seek review in the Federal Circuit because that court has exclusive jurisdiction over matters involving the scope of the MSPB's jurisdiction)**.**

Here, the MSPB determined that it lacked jurisdiction over Ross' mixed case complaint. Specifically, the MSPB determined that a non-selection for a position is not an appealable adverse employment action and that, in the absence of jurisdiction to review an adverse employment action, the MSPB lacked jurisdiction over Ross' retaliation claim. Judicial review of that determination is available only in the Federal Circuit Court of Appeals, not in district court. *See Sloan*, 140 F.3d at 1262. Accordingly, this Court lacks subject matter jurisdiction over the plaintiff's complaint.[2]

---

[2] Where, as here, "a Title VII claimant elects to pursue his or her MSPB remedies through a mixed case complaint and the MSPB dismisses a mixed case complaint for lack of jurisdiction, the Title VII statute of limitations is tolled in order to allow the claimant to exhaust his or her EEO and/or EEOC administrative remedies and file in federal court." *Sloan*, 140 F.3d at 1262 (citing 29 C.F.R. § 1614.302(b) (1997)). If the plaintiff wishes to pursue his retaliation claim, he must first exhaust his EEO administrative remedies before filing an action in federal court.

**C.  This Court Transfers The Matter To The United States Court of Appeals for the Federal Circuit**

"Once the district court has determined that it lacks jurisdiction, but that another federal court has authority to hear the case, the district court 'must consider whether the action would have been timely filed if it had been filed in the proper forum on the date filed, and if so, whether a transfer would be "in the interest of justice."'" *Hays v. Postmaster General*, 868 F.2d 328, 331 (9th Cir. 1989).  Here, a petition for review to the United States Court of Appeals for the Federal Circuit would presumably have been timely if it had been filed in that forum because the plaintiff's complaint in this case was filed on September 22, 2008, within 60 days of receipt of the MSPB's Final Order of September 4, 2008.  *See* 5 U.S.C. § 7703(b)(1) (stating that a petition for review must be filed within 60 days after the date the petitioner received notice of the final order of the Board).  Moreover, although the MSPB's Final Order clearly instructed the plaintiff that if he desired judicial review of its decision he was to file a petition for review with the Court of Appeals for the Federal Circuit, it appeared from the plaintiff's statements at the hearing on this matter that he simply misunderstood where to seek judicial review of the MSPB's decision.  Accordingly, in the interest of justice, this Court will transfer the case to the United States Court of Appeals for the Federal Circuit would be appropriate and this Court does so now.

## CONCLUSION

For all of the foregoing reasons, this Court concludes that it lacks jurisdiction over the plaintiff's complaint, but transfers the matter to the United States Court of Appeals for the Federal Circuit pursuant to 28 U.S.C. § 1631.  *See, e.g., Sloan*, 140 F.3d at 1263 ("We transfer this case to the Federal Circuit Court of Appeals.").

Dated:   3/2/09        _____
                       SAUNDRA B. ARMSTRONG
                       United States District Judge

| | |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | FOR THE |
| 3 | NORTHERN DISTRICT OF CALIFORNIA |
| 4 | |
| 5 | |
| 6 | RONALD LEE ROSS,                              Case Number: CV08-04423 SBA |
| 7 |     Plaintiff,                                    **CERTIFICATE OF SERVICE** |
| 8 | v. |
| 9 | JOHN E POTTER et al, |
| 10 |     Defendant. |
| 11 | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 3, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ronald Lee Ross
725 Walnut Drive
Rio Dell, CA 95562

Dated: March 3, 2009
                              Richard W. Wieking, Clerk
                              By: LISA R CLARK, Deputy Clerk

PROPOSED ORDER TRANSFERRING CASE TO FEDERAL CIRCUIT
C 08-4423-SBA                      5